Helen F. Dalton & Associates, P.C.
Helen Dalton (HD 3231)
Roman Avshalumov (RA 5508)
69-12 Austin Street
Forest Hills, NY 11375
Telephone: 718-263-9591

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
PABLO RAMIREZ CASTILLO, individually and on behalf of all
others similarly situated,

                                    Plaintiff,

-against-

BARKING DOG NYC LLC and SOKOL KACI, as an individual,

                                    Defendants.
-------------------------------------------------------------------X

**COLLECTIVE ACTION COMPLAINT**

**JURY TRIAL DEMANDED**

1. Plaintiff, **PABLO RAMIREZ CASTILLO, individually and on behalf of all others similarly situated**, (hereinafter referred to as "Plaintiff"), by his attorneys at Helen F. Dalton & Associates, P.C., alleges, upon personal knowledge as to himself and upon information and belief as to other matters, as follows:

### PRELIMINARY STATEMENT

2. Plaintiff, **PABLO RAMIREZ CASTILLO, individually and on behalf of all others similarly situated**, through undersigned counsel, brings this action against **BARKING DOG NYC LLC, and SOKOL KACI, as an individual**, (hereinafter referred to as "Defendants"), to recover damages for egregious violations of state and federal wage and hour laws arising out of Plaintiff's employment at BARKING DOG NYC LLC, located at 1678 3rd Avenue, New York, New York 10128.

3. As a result of the violations of Federal and New York State labor laws delineated below, Plaintiff seeks compensatory damages and liquidated damages in an amount exceeding $100,000.00. Plaintiff also seeks interest, attorneys' fees, costs, and all other legal and equitable remedies this Court deems appropriate.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction over Plaintiffs' federal claims pursuant to the FLSA, 29 U.S.C. §216 and 28 U.S.C. §1331.

5. This Court has supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. §1367.

6. Venue is proper in the EASTERN District of New York pursuant to 28 U.S.C. §1391(b) because a substantial part of the events or omissions giving rise to the claims occurred in this district.

7. This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§2201 & 2202.

## THE PARTIES

8. Plaintiff PABLO RAMIREZ CASTILLO residing at 565 Fulton Avenue, Hempstead, New York 11550, was employed by Defendants at BARKING DOG NYC LLC from in or around January 2017 until in or around September 2017.

9. Upon information and belief, Defendant, BARKING DOG NYC LLC, is a corporation organized under the laws of New York with a principal executive office at 1678 3rd Avenue, New York, New York 10128.

10. Upon information and belief, Defendant, BARKING DOG NYC LLC, is a corporation authorized to do business under the laws of New York.

11. Upon information and belief, Defendant SOKOL KACI owns and/or operates BARKING DOG NYC LLC.

12. Upon information and belief, Defendant SOKOL KACI is the Chairman of the Board of BARKING DOG NYC LLC.

13. Upon information and belief, Defendant SOKOL KACI is the Chief Executive Officer of BARKING DOG NYC LLC.

14. Upon information and belief, Defendant SOKOL KACI is an agent of BARKING DOG NYC LLC.

15. Upon information and belief, Defendant SOKOL KACI has power over personnel decisions at BARKING DOG NYC LLC.

16. Upon information and belief, Defendant SOKOL KACI has power over payroll decisions at BARKING DOG NYC LLC.
17. Defendant SOKOL KACI has the power to hire and fire employees at BARKING DOG NYC LLC, establish and pay their wages, set their work schedule, and maintains their employment records.
18. During all relevant times herein, Defendant SOKOL KACI was Plaintiff's employer within the meaning of the FLSA and NYLL.
19. On information and belief, BARKING DOG NYC LLC is, at present and has been at all times relevant to the allegation in the complaint, an enterprise engaged in interstate commerce within the meaning of the FLSA in that the entity (i) has had employees engaged in commerce or in the production of goods for commerce, and handle, sell or otherwise work on goods or material that have been moved in or produced for commerce by any person: and (ii) has had an annual gross volume of sales of not less than $500,000.00.

## FACTUAL ALLEGATIONS

20. Plaintiff PABLO RAMIREZ CASTILLO was employed by Defendants at BARKING DOG NYC LLC from in or around January 2017 until in or around September 2017.
21. During Plaintiff PABLO RAMIREZ CASTILLO'S employment by Defendants at BARKING DOG NYC LLC, Plaintiff's primary duties were as a food deliverer, food preparer, kitchen worker and performing other miscellaneous duties from in or around January 2017 until in or around September 2017.
22. Plaintiff PABLO RAMIREZ CASTILLO was paid by Defendants approximately $4.00 per hour from in our around January 2017 until in or around September 2017.
23. Plaintiff PABLO RAMIREZ CASTILLO worked, on average, forty-eight (48) hours per week at BARKING DOG NYC LLC from in or around January 2017 until in or around September 2017. However, Plaintiff's hours regularly varied from approximately forty (40) to fifty-six (56) hours per week.
24. Therefore, Defendants failed to pay Plaintiff PABLO RAMIREZ CASTILLO the legally prescribed minimum wage for his hours worked from in or around January

2017 until in or around September 2017, a blatant violation of the minimum wage provisions contained in the NYLL.

25. Although Plaintiff PABLO RAMIREZ CASTILLO worked, on average, forty-eight (48) hours or more per week during his employment by Defendants from in or around January 2017 until in or around September 2017, Defendants did not pay Plaintiff time and a half (1.5) for hours worked over forty (40), a blatant violation of the overtime provisions contained in the FLSA and NYLL.

26. Upon information and belief, Defendants willfully failed to post notices of the minimum wage and overtime wage requirements in a conspicuous place at the location of their employment as required by both the NYLL and the FLSA.

27. Upon information and belief, Defendants willfully failed to keep accurate payroll records as required by both NYLL and the FLSA.

28. As a result of these violations of Federal and New York State labor laws, Plaintiff seeks compensatory damages and liquidated damages in an amount exceeding $100,000.00. Plaintiff also seeks interest, attorneys' fees, costs, and all other legal and equitable remedies this Court deems appropriate.

## COLLECTIVE ACTION ALLEGATIONS

29. Plaintiff bring this action on behalf of himself and other employees similarly situated as authorized under the FLSA, 29 U.S.C. § 216(b). The employees similarly situated are the collective class.

30. Collective Class: All persons who are or have been employed by the Defendants as food deliverers, food preparers, kitchen workers, or other similarly titled personnel with substantially similar job requirements and pay provisions, who were performing the same sort of functions for Defendants, other than the executive and management positions, who have been subject to Defendants' common practices, policies, programs, procedures, protocols and plans including willfully failing and refusing to pay required minimum and overtime wage compensation.

31. Upon information and belief, Defendants employed approximately 15 to 20 employees within the relevant time period who were subjected to similar payment structures.

32. Upon information and belief, Defendants suffered and permitted Plaintiff and the Collective Class to work more than forty hours per week without appropriate overtime and minimum wage compensation.
33. Defendants' unlawful conduct has been widespread, repeated, and consistent.
34. Upon information and belief, Defendants had knowledge that Plaintiff and the Collective Class performed work requiring minimum wage rates.
35. Upon information and belief, Defendants had knowledge that Plaintiff and the Collective Class performed work requiring overtime pay.
36. Defendants' conduct as set forth in this Complaint, was willful and in bad faith, and has caused significant damages to Plaintiff and the Collective Class.
37. Defendants are liable under the FLSA for failing to properly compensate Plaintiff and the Collective Class, and as such, notice should be sent to the Collective Class. There are numerous similarly situated current and former employees of Defendants who have been denied overtime pay in violation of the FLSA and NYLL, who would benefit from the issuance of a Court-supervised notice of the present lawsuit, and the opportunity to join the present lawsuit. Those similarly situated employees are known to Defendants and are readily identifiable through Defendants' records.
38. The questions of law and fact common to the putative class predominate over any questions affecting only individual members.
39. The claims of Plaintiff are typical of the claims of the putative class.
40. Plaintiff and his counsel will fairly and adequately protect the interests of the putative class.
41. A collective action is superior to other available methods for the fair and efficient adjudication of this controversy.

### FIRST CAUSE OF ACTION
**Overtime Wages Under The Fair Labor Standards Act**

42. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.
43. Plaintiff has consented in writing to be a party to this action, pursuant to 29 U.S.C. §216(b).

44. At all times relevant to this action, Plaintiff was engaged in commerce or the production of goods for commerce within the meaning of 29 U.S.C. §§206(a) and 207(a).
45. At all times relevant to this action, Defendants were employers engaged in commerce or the production of goods for commerce within the meaning of 29 U.S.C. §§206(a) and 207(a).
46. Defendants willfully failed to pay Plaintiff overtime wages for hours worked in excess of forty (40) hours per week at a wage rate of one and a half (1.5) times the regular wage, to which Plaintiff was entitled under 29 U.S.C. §§206(a) in violation of 29 U.S.C. §207(a)(1).
47. Defendants' violations of the FLSA as described in this Complaint have been willful and intentional. Defendants have not made a good effort to comply with the FLSA with respect to the compensation of the Plaintiff.
48. Due to Defendants' FLSA violations, Plaintiff is entitled to recover from Defendants, jointly and severally, his unpaid wages and an equal amount in the form of liquidated damages, as well as reasonable attorneys fees and costs of the action, including interest, pursuant to the FLSA, specifically 29 U.S.C. §216(b).

## SECOND CAUSE OF ACTION
### Overtime Wages Under New York Labor Law

49. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.
50. At all times relevant to this action, Plaintiff was employed by Defendants within the meaning of New York Labor Law §§2 and 651.
51. Defendants failed to pay Plaintiff overtime wages for hours worked in excess of forty hours per week at a wage rate of one and a half (1.5) times the regular wage to which Plaintiff was entitled under New York Labor Law §652, in violation of 12 N.Y.C.R.R. 137-1.3.
52. Due to Defendants' New York Labor Law violations, Plaintiff is entitled to recover from Defendants, jointly and severally, his unpaid overtime wages and an amount equal to his unpaid overtime wages in the form of liquidated damages, as well as

reasonable attorneys' fees and costs of the action, including interest in accordance with NY Labor Law §198(1-a).

### THIRD CAUSE OF ACTION
### Minimum Wages Under The Fair Labor Standards Act

53. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.
54. Plaintiff has consented in writing to be a party to this action, pursuant to 29 U.S.C. §216(b).
55. At all times relevant to this action, Plaintiff was engaged in commerce or the production of services and goods for commerce within the meaning of 29 U.S.C. §§206(a) and 207(a).
56. At all times relevant to this action, Defendants were employers engaged in commerce or the production of goods for commerce within the meaning of 29 U.S.C. §§206(a) and 207(a).
57. Defendants willfully failed to pay Plaintiff a minimum wage in accordance with 29 U.S.C. §§201, 202 and 203.
58. Defendants' violations of the FLSA, as described in this Complaint have been willful and intentional.
59. Defendants have not made a good faith effort to comply with the FLSA with respect to the Plaintiff's compensation.
60. Due to Defendants' FLSA violations, Plaintiff is entitled to recover from Defendants, jointly and severally, his unpaid minimum wages and an equal amount in the form of liquidated damages, as well as reasonable attorneys' fees and costs of the action including interest, pursuant to the FLSA, specifically 29 U.S.C. §216(b).

### FOURTH CAUSE OF ACTION
### Minimum Wages Under New York Labor Law

61. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

62. At all times relevant to this action, Plaintiff was employed by Defendants within the meaning of NYLL §§2 and 651.
63. At all times relevant to this action, Defendants were employers within the meaning of NYLL.
64. Defendants failed to record, credit or compensate Plaintiff the applicable minimum hourly wage, in violation of the New York Minimum Wage Act, specifically NYLL §652.
65. Defendants also failed to pay Plaintiff the required minimum wage, which Plaintiff was entitled under NYLL §652, in violation of 12 N. Y. C. R. R. 137-1.3.
66. Due to Defendants' NYLL violations, Plaintiff is entitled to recover from Defendants, jointly and severally, his unpaid minimum wages and an amount equal to his unpaid minimum wages in the form of liquidated damages, as well as reasonable attorneys' fees and costs of the action, including interest in accordance with NYLL §198 (1-a).

## FIFTH CAUSE OF ACTION
**Violation of the Notice and Recordkeeping Requirements of the New York Labor Law**

67. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.
68. Defendants failed to provide Plaintiff with a written notice, in English and in Spanish (Plaintiff's primary language), of his rate of pay, regular pay day, and such other information as required by NYLL §195(1).
69. Defendants are liable to Plaintiff in the amount of $5,000.00 each, together with costs and attorneys' fees.

## SIXTH CAUSE OF ACTION
**Violation of the Wage Statement Requirements of the New York Labor Law**

70. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.
71. Defendants failed to provide Plaintiff with wage statements upon each payment of wages, as required by NYLL §195(3)

72. Defendants are liable to Plaintiff in the amount of $5,000.00 each, together with costs and attorneys' fees.

## **PRAYER FOR RELIEF**

**Wherefore**, Plaintiffs respectfully request that judgment be granted:

a. Declaring Defendants' conduct complained herein to be in violation of the Plaintiffs' rights under the FLSA, the New York Labor Law, and its regulations;
b. Awarding Plaintiff unpaid overtime wages;
c. Awarding Plaintiff unpaid wages;
d. Awarding Plaintiff liquidated damages pursuant to 29 U.S.C. §216 and New York Labor Law §§198(1-a), 663(1);
e. Awarding Plaintiff prejudgment and post-judgment interest;
f. Awarding Plaintiff the costs of this action together with reasonable attorneys' fees; and
g. Awarding such and further relief as this court deems necessary and proper.

## **DEMAND FOR TRIAL BY JURY**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all questions of fact raised by the complaint.

Dated: This 19th day of October 2017.

_____
Helen F. Dalton, Esq. (HD 3231)
Roman Avshalumov, Esq. (RA 5508)
Helen F. Dalton & Associates, PC
69-12 Austin Street
Forest Hills, NY 11375
Telephone: 718-263-9591
Fax: 718-263-9598

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

PABLO RAMIREZ CASTILLO, individually and on behalf of all others similarly situated,

Plaintiff,

-against-

BARKING DOG NYC LLC, and SOKOL KACI, as an individual,

Defendants.

## SUMMONS & COMPLAINT

HELEN F. DALTON & ASSOCIATES, P.C.
Attorneys for Plaintiffs
69-12 Austin Street
Forest Hills, NY 11375
Phone (718) 263-9591
Fax (718) 263-9598

**TO:**
**BARKING DOG NYC LLC**
**1678 3RD AVENUE**
**NEW YORK, NEW YORK 10128**

**SOKOL KACI**
**1678 3RD AVENUE**
**NEW YORK, NEW YORK 10128**